Southard J.
remarked:—I think the Common Pleas erred in the view which they took of this subject. The defendants were sued for a trespass, in taking away logs and rails. • They pleaded not guilty. By this plea they put in issue the question of property, as well as the fact of taking; (a) and they were authorised to shew the truth on both points. As to the property, they offer to prove it by shewing that it was cut on their land and carted to other land belonging to some of them, and there deposited. This is a direct mode by which to establish a right to this kind of property. Suppose the fact to be true, that the logs and rails had been standing on defendant’s land, and been cut down and carted away, I can conceive no other mode in which the right to them could be so readily and so correctly proved; or how indeed he was to prove that the logs were his, but by shewing these facts. There is no substance in the objection, that this would be to permit the defendants to prove title in land, not the locus in quo the trespass was committed, and that the plaintiff could not be prepared to rebut such proof. The evidence necessarily resulted from the nature of the question between the par*ties; it was the inevitable consequence of the issue. There is scarcely a course of facts proving right to the logs,’ which defendants could have set up, which would not have been liable to this objection. Suppose they had offered to prove that they had themselves cut the logs on lands of their own, or had bought them of a stranger and cut them on his land and drawn them there, the title to the land on which they were cut would still have been in question, as in the present case, though perhaps it might not have been *437 necessary in either, to prove the title strictly and minutely.
Nor do I see weight in the objection, that all the facts which defendants offered to prove, might be true, and yet the logs not he theirs; and that what the plaintiff had done, had transferred the property to him, so as to prevent a recaption. Those facts were proper; so far as they went to shew property in defendants; they were prima fade, sufficient for that purpose, and to put the plaintiff to the necessity of shewing the property in himself Whether what he had done was sufficient to vest the right in him, is not very questionable. It does not appear that cutting down, hauling away timber and rails standing on the lands of another man, is that kind and amount of labour which will give the right and property contended for. But whether it he or not, is a question which ought to have gone under the circumstances of this case, to the jury, accompanied by the facts which the defendants offered to prove. If the jury was satisfied that the right to the logs was in the defendants, they had a right to take them, with such force as should be necessary, avoiding a breach of the peace.
By the Court. The Common Pleas have erred. There must be a reversal of the judgment.
Judgment reversed.

 See Carson vs. Wilson, 6 Hal. 43. Thompson vs. Burdsall, ante 170. Berry vs. Cahanan, 2 Hal. 77. Lusk vs. Colvin, 3 Hal. 62. Romaine vs. Norris, 3 Hal. 80. Trustees, &c., vs. Fisher, 3 Har. 240. Todd vs. Jackson, 2 Dutch. 525. Hetfield vs. Central R. R. 5 Dutch. 571. Bruch vs. Carter, 3 Vr. 554. Lippencott vs. Smith, ante 95, See Hall vs. Snowhill, 2 Gr. 551. Garretson vs. Kane, 3 Dutch. 208.